IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WELBY THOMAS COX,**

                                **Petitioner,**

             **v.**                                     **CASE NO. 11-3017-RDR**

**FEDERAL BUREAU OF PRISONS, et al.,**

                                **Respondents.**

**O R D E R**

This matter comes before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a petitioner incarcerated in the United States Penitentiary in Leavenworth, Kansas.

Petitioner alleges error in the execution of his federal sentence. In part, petitioner claims error in the offense history recited in his Inmate Skills and Development Program has deprived him of home confinement credit under the Second Chance Act. Petitioner also claims he stopped participating in a Residential Drug and Alcohol Program which was not needed once he discovered no psychological counseling was provided.

On these allegations, petitioner seeks correction of his record within the Bureau of Prisons (BOP), and disclosure of all persons responsible for said error. Petitioner also seeks transfer to another federal facility pursuant to a 24 hour furlough, one year of home confinement pursuant to the Second Chance Act, administrative leave for a unit team member to undergo stress and anger management, an accounting of all fines collected from petitioner by BOP and paid

to the court, and to have his file sealed.

Petitioner acknowledges he has not exhausted administrative remedies within the Bureau of Prisons, but claims exhaustion is not required to establish this court's jurisdiction. Petitioner claims a BOP counselor refused to accept his informal request for resolution.[1] Petitioner also cites his repeated lack of success in all other attempts to correct his record.

Section 2241 is appropriate to challenge the execution of a federal sentence.[2] *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000). However, it is well-settled in this circuit that exhaustion of available remedies is required before seeking habeas corpus relief under § 2241 in a federal court. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.2010). *See e.g., Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986)(federal prisoners must exhaust administrative remedies before commencing a petition pursuant to § 2241). While a narrow exception to the exhaustion requirement has been recognized for futility, *Garza*, 596 F.3d at 1203-04, the court finds petitioner's efforts at pursuing administrative remedies is insufficient on its face to show that administrative relief was

---

[1]*See* 28 C.F.R. §§ 542.10 to 542.16 (codifying the four-level BOP administrative remedy system an inmate must utilize to fully exhaust administrative remedies).

[2]Petitioner's motion to amend the instant § 2241 petition to further assert a demand under the Freedom of Information Act (FOIA), 5 U.S.C. § 552a(d), for specific corrections or amendments to his inmate record is denied as an improper attempt to expand the scope of this matter beyond habeas corpus.

2

"effectively foreclosed" to petitioner. *Goodwin v. Oklahoma*, 23 F.2d 156, 158 (10th Cir.1991).

The court thus finds the instant petition should be dismissed without prejudice, based upon petitioner's patently clear failure to first fully exhaust administrative remedies. Petitioner's "Urgent Motion for a Court Ordered Cease and Desist" order is denied.

IT IS THEREFORE ORDERED that petitioner's motion to amend the petition (Doc. 4) is denied without prejudice, that petitioner's motion for a cease and desist order (Doc. 5) is denied, and that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

DATED:  This 21st day of June 2011, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge