IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WELBY THOMAS COX,**

                     **Petitioner,**

      v.                                           CASE NO. 11-3017-RDR

**FEDERAL BUREAU OF PRISONS, et al.,**

                     **Respondents.**

**O R D E R**

Petitioner filed this pro se action seeking federal habeas corpus relief under 28 U.S.C. § 2241 on allegations of error in the execution of his federal sentence. By an order dated June 21, 2011, the court dismissed the petition without prejudice, based upon petitioner's admitted failure to exhaust administrative remedies.

Before the court is petitioner's MOTION TO REMAND DISTRICT COURT ORDER, which was docketed as a motion for reconsideration.

To the extent petitioner's pleading can be liberally construed as seeking reconsideration through a motion to alter or amend the judgment entered in this matter,[1] Fed.R.Civ.P. 59(e), said motion is denied.

Grounds that might warrant such relief include "(1) an intervening change in the controlling law, (2) new evidence

---

[1] The caption in petitioner's pleading ambiguously references both the instant district court case number and the "Tenth Circuit Court of Appeals in Topeka." To the extent petitioner may be attempting to appeal the judgment entered in this matter on June 21, 2011, he should file a notice of appeal in this court, and either pay the $455.00 appellate filing fee or submit a motion for leave to proceed in forma pauperis on appeal.

previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). While a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, it is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id*.

Having reviewed the motion, the court finds no reason to alter or amend its decision to dismiss the petition based upon petitioner's failure to pursue and exhaust administrative remedies. Although petitioner reasserts his position that exhaustion of administrative remedies is not required, he mistakenly relies on case holdings concerning a prisoner's exhaustion of administrative remedies in a non-habeas civil action. Because the court does not believe it has misapprehended the facts, the position taken by petitioner, or the relevant case law, petitioner's motion is denied.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 8) is denied.

DATED: This 13th day of July 2011, at Topeka, Kansas.

                                      s/ Richard D. Rogers
                                      RICHARD D. ROGERS
                                      United States District Judge