```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**WELBY THOMAS COX,**

                        **Petitioner,**

       v.                                          CASE NO. 11-3017-RDR

**FEDERAL BUREAU OF PRISONS, et al.,**

                        **Respondents.**

### O R D E R

Petitioner filed this pro se action seeking federal habeas corpus relief under 28 U.S.C. § 2241 on allegations of error in the execution of his federal sentence. The court dismissed the petition without prejudice on June 21, 2011, based upon petitioner's admitted failure to exhaust administrative remedies.

Petitioner thereafter filed a motion titled as a MOTION TO REMAND DISTRICT COURT ORDER, which was docketed as a motion for reconsideration. The court construed the motion as a timely filed motion seeking relief under Rule 59(e), and denied the motion on July 13, 2011. Petitioner filed no appeal.

Instead, petitioner filed a MOTION TO RECONSIDER on July 19, 2011, alleging error by the court in dismissing the petition without prejudice, and in construing and/or denying petitioner's MOTION TO REMAND.

"Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed.R.Civ.P. 59(e) or 60(b)." D.Kan. Rule 7.3. Having reviewed the instant pro se motion, the court considers it as seeking relief under Rule 60(b)

from the judgment entered in this matter.

A Rule 60(b) motion should be granted only in exceptional circumstances.  *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir.2011).  Rule 60(b) is not a vehicle to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been included in earlier filings.  *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D.Kan.2006), *aff'd* 260 Fed.Appx. 98 (10th Cir.2008)(*citing Brown v. Presbyterian Healthcare Services*, 101 F.3d 1324, 1332 (10th Cir.1996)); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000).  Nor is it to be used as a substitute for appeal.  *Id.*; *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir.1996).  A party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief.  *Van Skiver v. U.S.*, 952 F.2d 1241, 1243-44 (10th Cir.1991), *cert. denied*, 506 U.S. 828 (1992).  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[1]  *Id.* at 1244; *Cashner* 98 F.3d at 576-77.

Having reviewed petitioner's motion, the court finds no showing, either by petitioner or on the face of the record, for

---

[1] Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
Fed.R.Civ.P. 60(b).

2

granting the extraordinary relief provided under Rule 60(b).

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 10) is denied.

DATED:  This 5th day of January 2012, at Topeka, Kansas.


    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge